HUGH J. SMITH, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 19774-92
United States Tax Court
T.C. Memo 1994-427; 1994 Tax Ct. Memo LEXIS 435; 68 T.C.M. (CCH) 573; August 24, 1994, Filed *435 Decision will be entered for respondent. Hugh J. Smith, Jr., pro se. For respondent: Stevens E. Moore. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By notice of deficiency issued on June 19, 1992, respondent determined a deficiency in petitioner's Federal income tax in the amount of $ 1,140 for the taxable year 1989. At the time the petition was timely filed, petitioner resided in Metairie, Louisiana. The issue is whether petitioner is entitled to deduct a theft loss under section 165 in the amount of $ 10,150. The facts may be summarized as follows. Petitioner and Kate Roberts Smith (now Kate Roberts Valentine) (Kate) were married in 1947. They had four children, one of whom is Michael Robert Smith *436 (Michael). By 1989, the year before the Court, all of the children were over 21 years old. The marriage terminated in a divorce on June 9, 1954. The terms of an agreement between Kate and petitioner, dated October 20, 1953 (the 1953 agreement), which is discussed later, were incorporated by reference into the final decree of divorce. Under the decree, Kate was awarded custody of the children. Since 1940 petitioner has collected French glass, and he continued his collection activities after the marriage. Petitioner's collection included works of Steuben, Baccarat, Orrefors, and Lalique. Under the 1953 agreement, Kate was awarded a house in Scarsdale, New York, and all of the furniture, furnishings, fixtures, china, glass, linen, pictures, decorations, objects of art and all other personal property of any nature whatsoever located on such premises excepting only the articles listed on the Schedule     annexed hereto which * * * [petitioner] shall have and own and excepting the articles listed on Schedule B annexed hereto which shall belong to the four said children and which, regardless of whether they may be in the physical possession of * * * [petitioner or Kate], *437 shall be held by either * * * [petitioner or Kate], as the case may be, for the benefit of the four said children during their minority and shall not be disposed of by either * * * [petitioner or Kate] without the written consent of the other * * *.
Attached to the 1953 agreement are Schedules A and B. Schedule A is entitled "Articles belonging to Hugh J. Smith, Jr." and does not include any of the glass collection. Schedule B is entitled "Articles to be held for the benefit of the four children." This schedule includes, inter alia, a "Steuben gear bowl," "Steuben elephant, 2 fish, 2 horseheads, rabbit," "All Lalique glass," and various Orrefors bowls. On Form 4684, Casualties and Thefts, attached to petitioner's 1989 Federal income tax return, petitioner claimed a theft loss in the amount of $ 10,150 and described the property as "Glassware per list attached." [2] This refers to a letter written to Kate by an attorney requesting that she send to petitioner "for the children" the following items: a)
One (1) Deep Steuben Bowl, designed by
George Thompson (semi globular with
cut feet)
$ 2,500.00
b)
Steuben collection -- two (2) horses,
one (1) elephant and (1) rabbit
$ 1,000.00
c)
One (1) large Lalique Glass Fish
(Bronze base missing)
$ 3,500.00
d)
Steuben Crystal Set of Tableware-
48 pc. by Simon Gate
$ 2,400.00 e)
One (1) large Orrefors Crystal Vase
(with semi-lunar cuts) by Simon Gate
$   750.00
*438 The alleged value of these items totals $ 10,150. Petitioner has no records reflecting the purchase of these items. He testified that he paid $ 120 for the Steuben bowl, $ 20 each for the horseheads, $ 50-60 for the elephant and rabbit, $ 75 for the Lalique glass fish, under $ 500 for the Steuben tableware, and $ 70 for the Orrefors vase. Petitioner contends that Kate, in violation of the 1953 agreement, sold these pieces and absconded with the proceeds. Petitioner has never initiated any legal action to enforce the 1953 agreement. In 1988 Michael, however, brought an action in Florida against Kate based on the 1953 agreement. That action was settled for $ 35,000. Section 165(a) provides that "There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." Section 165(e) further *439 provides that "any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss." The amount of the deduction is limited to the lesser of the fair market value of the property immediately before the theft or the taxpayer's basis in the property. See sec. 165(b); secs. 1.165-1(c), 1.165-7(a), 1.165-8(c), Income Tax Regs. A theft includes, but is not limited to, larceny, embezzlement, and robbery. Sec. 1.165-8(d), Income Tax Regs.
There is clearly more than a touch of whimsy in the deduction that petitioner claims here. A predicate to any loss by theft is that the taxpayer owned the property of which he or she was nefariously dispossessed. Irrespective whether Kate violated the terms of the 1953 agreement, it is clear that petitioner had no interest in any of the objects that were contained in Schedule B of the 1953 agreement. That agreement provided that the objects would be held in trust for the benefit of the children until they reached their majority. The agreement was executed approximately 36 years before the alleged theft of which petitioner now claims to be the victim. Whatever petitioner's interest in the subjects *440 of the 1953 agreement may have been, [3] it is clear that by 1989, that interest had long been terminated, and, if, assuming that there was some theft, the loss was a loss of the children and not petitioner. Respondent also argues that there are other foibles in petitioner's argument -- e.g., whether or not there was a theft by Kate, the year of discovery, the amount of an allowable deduction, etc. Given our holding that petitioner had no interest in the property, we see no reason to explore these areas, except to note that each issue would appear to militate further against petitioner's position. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. While the 1988 taxable year is not before the Court, it appears that petitioner claimed a similar deduction for that year. That return was apparently not examined.↩
3. We are somewhat bemused to note that the Steuben tableware for which a loss was claimed does not appear to have been subject to the 1953 agreement.↩